UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE: MGM GRAND HOTEL FIRE LITIGATION. | MDL NO. 453<br><br>**O R D E R** |

The Court having read and considered the attached letter dated March 21, 2013 from Gian F. Brosco, Esq., President of the Nevada Community Foundation, and it appearing that the request of the Nevada Community Foundation to distribute the entire remaining balance of the United Way Fire & Burn Victim Support Fund to the American Red Cross of Southern Nevada and UMC Burn Center is reasonable, and good cause appearing,

**IT IS ORDERED** that the remaining balance of the United Way Fire & Burn Victim Support Fund established in the MGM Grand Hotel Fire Litigation, MDL-453, shall be distributed in its entirety, outright and evenly, to the American Red Cross of Southern Nevada and the UMC Burn Center.

DATED: May 15, 2013.

_____
PHILIP M. PRO
United States District Judge



BOARD OF DIRECTORS
Maureen Schafer (Chairperson)
Michael Threet (Treasurer)
Chris Wilcox (Secretary)
Francisco Aguilar, Esq.
Larry Carter
Jessica Kartzinel
Duncan Lee
Michael Morrissey
Shannon West Redwine
Charles Silvestri

PRESIDENT
Gian F. Brosco, Esq.

March 21, 2013

The Honorable Philip M. Pro
Senior District Judge
U.S. District Court – State of Nevada
United States Courthouse
333 Las Vegas Blvd. South
Las Vegas, NV 89101

Attorney Will Kemp
Kemp, Jones & Coulthard, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
LV, NV 89169

In re: MGM GRAND HOTEL FIRE LITIGATION
MDL -453 and the resulting United Way Fire & Burn Victims Support Fund

Dear Judge Pro:

As you may recall, as a result of the fire at the MGM Grand Hotel on November 21, 1980, the Court authorized the creation of a charitable fund to benefit future victims of fire (see court order dated April 12, 1999 attached, hereto).

Although it is not clear exactly when, perhaps as early as 2000, it was apparently agreed upon by all of the charitable organizations-- unbeknownst to Attorney Kemp- that a reduction in annual distribution from the fund in accordance with the community foundation's annual spending rate would be prudent to keep from dissipating the principal of the fund (this was, presumably, during one of the early sharp downturns in the market). And while this decision has proved financially sound as evidenced by the fact that **the fund has distributed more than 43% of its original corpus while maintaining almost 90% of its original establishing gift value**, this agreement was reached without first seeking Court approval and was in clear contravention of the court order mandating distributions of 6%-8% to the organizations -—a clear error.

I became President of Nevada Community Foundation in 2008, and, erroneously believing that the fund was subject to our annual spending rate (as determined, annually, by NCF's investment committee), continued to make distributions, accordingly.

The United Way Fire & Burn Victims Support Fund was established at Nevada Community Foundation with an initial gift of $350,018.78 in May of 1999.

Since inception, the fund has made the following distributions:

- Grants to United Way of Southern Nevada, UMC Burn Unit and American Red Cross of Southern Nevada totaling: $149,604.57
- administrative fees: $20,354.74
- investment custodial fees: $2,350.85
- investment management fees: $13,677.58
- investment administration fees: $1,382.16

The current balance of the fund is approximately $315,570.47.

While my failure was inadvertent and undoubtedly preserved the fund's principal, NCF's error, nevertheless, needs to be addressed. To that end, we have done the following:

- first, NCF has authorized a 'catch up' distribution, which, while admittedly an approximation, is an attempt to 'make up' for the reduced earlier payments to American Red Cross of Southern Nevada and UMC Burn Center. We will use the high end of the distribution payout, 8%, as the target;
- secondly, we will make distributions going forward and until further notice in accordance with the 8% target;
- finally, I humbly ask the court's permission to distribute the entire balance of the fund, outright and evenly, to American Red Cross of Southern Nevada and UMC Burn Center. Neither United Way of Southern Nevada nor NCF object to this request.

In any event, I humbly ask the Court for its guidance so that we may rectify what was an honest, but material error.

With kindest regards,

Gian F. Brosco, Esq.
President

X-RAYED U.S. MARSHALS SERVICE

The Honorable Philip M. Pro
Senior District Judge
U.S. District Court – State of Nevada
United States Courthouse
333 Las Vegas Boulevard South
Las Vegas, NV 89101

NEVADA
COMMUNITY
FOUNDATION
1635 Village Center Circle, Suite 160
Las Vegas, Nevada 89134
www.nevadacf.org